# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| TAURUS BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:14-CV-660 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION AND ORDER**

Taurus Butler, a *pro se* prisoner, filed a habeas corpus petition challenging a prison disciplinary proceeding. (DE 1.) The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. For the reasons set forth below, the petition (DE 1) is **DISMISSED WITH PREJUDICE.**

BACKGROUND

In Cause Number ISP # 13-11-0309, Butler was found guilty of possession of an electronic device. (DE 1-2 at 5.) The charge was initiated on November 19, 2013, when a conduct report was written after a cell phone and an electronic scale were found during a search of Butler's cell. (DE 1-2 at 3.) A hearing was held on December 17, 2013, and Butler was found guilty. (*Id.* at 5.) His administrative appeals were denied. (*Id.* at 6-7.)

DISCUSSION

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Here, Butler raises one claim in his petition: that his rights were violated because the disciplinary hearing was held more than seven days after the underlying incident in violation of Indiana Department of Correction ("IDOC") policy. (DE 1-1 at 1-2.) He argues that if the hearing was going to be delayed, he should have been given a "State Form 49521 Postponement of Disciplinary Hearing" notice as required by the policy. (*Id.*) However, even if he is correct, a violation of IDOC policy would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of federal law); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law"). Therefore, Butler's

2

petition does not present any cognizable basis for granting federal habeas relief.

CONCLUSION

For the reasons set forth above, the petition (DE 1) is **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

DATED: April 14, 2014          /s/RUDY LOZANO, Judge
                               United States District Court